IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TONY LYNN CONLEY,           )
                            )
        Plaintiff,          )
                            )
                            )    CIV-12-880-HE
v.                          )
                            )
CAROLYN W. COLVIN,          )
  Acting Commissioner of Social )
  Security Administration[1], )
                            )
        Defendant.          )

# REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for former Commissioner Michael J. Astrue as the Defendant in this action. No further action need be taken to continue this action. 42 U.S.C. § 405(g).

1

is recommended that the Commissioner's decision be affirmed.

I. Background

In January 2010, Plaintiff filed his application for disability benefits, alleging that he became unable to work beginning January 1, 2009, due to a back impairment resulting in neuropathy and radiculopathy. Plaintiff stated that he stopped working on May 30, 2009, because of his impairment, and he described previous work as a retail sales associate, grocery stocker, and nurse. (TR 148, 163). In a report submitted to the agency concerning the exertional and nonexertional demands of his previous jobs, Plaintiff stated that his job as an "Inventory Control Associate" from "2006" to "2009" required him to stock groceries, perform price changes and audits, "build [f]eatures," and "work [with] pallets" of merchandise. (TR 163-164).

At a hearing conducted in February 2011 before Administrative Law Judge Deramus ("ALJ"), Plaintiff testified concerning his impairments, his usual daily activities, and his previous jobs. A vocational expert ("VE") also testified at the hearing. Significantly, the VE testified that Plaintiff had previously worked as a (1) department manager, which the VE described as medium, skilled work, (2) stock clerk, described as heavy, semiskilled work, (3) salesperson, horticulture and nursery products, described as light, semiskilled work, and (4) nurse, general duty, described as medium, skilled work. (TR 48-49). The VE also provided the DOT numerical identifiers upon which the VE's testimony concerning this job information was based. In response to hypothetical questioning by the ALJ as to the jobs available for an individual with Plaintiff's age, education, and work experience and who

could perform "light" work, the VE testified that such an individual could perform Plaintiff's previous work as a salesperson, horticulture and nursery products. (TR 49). The ALJ also questioned the VE concerning the availability of jobs for an individual with Plaintiff's age, education, and work experience and who could perform "light work requiring only "occasionally" stooping, crouching, crawling, balancing, or climbing stairs and ladders. (TR 49). The VE responded that such an individual could perform "the sales job." (TR 49).

Following the hearing, the ALJ issued a decision in which the ALJ found that Plaintiff had not worked since his alleged disability onset date of January 1, 2009. Following the well-established sequential evaluation process, the ALJ found at step two that Plaintiff had severe impairments of "degenerative disc disease of the lumbar spine; peripheral neuropathy; mitro valve prolapsed [sic] by history; and osteoarthritis." (TR 13). At step three, the ALJ found that Plaintiff's impairments were not presumptively disabling under the agency's Listing of Impairments.

At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level[2] that did not require him to more than "occasionally balance, stoop, crouch, crawl [or] kneel" or "occasionally climb stairs [or] ladders." (TR 16). Based on this RFC and the VE's testimony, the ALJ found that Plaintiff was capable of performing his past relevant work "as a salesperson (nursery products), as it

---

[2]Light work is defined as work involving lifting objects weighing up to 20 pounds at a time, frequently lifting or carrying objects weighing up to 10 pounds, and mostly walking or standing, or sitting with pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

is actually and generally performed." (TR 23).

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

Plaintiff contends that the ALJ's step-four determination of nondisability was based on improper reliance on incorrect testimony of the VE and therefore substantial evidence does not support the ALJ's decision. The Commissioner responds that no error occurred with respect to the ALJ's decision and that there is substantial evidence in the record to support the decision to deny Plaintiff benefits.

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

4

III. Step Four Sequential Evaluation Process and Analysis

Plaintiff contends that the VE incorrectly interpreted the record when testifying that Plaintiff had previously worked in a "light" position as a "salesperson (nursery products)." Even assuming that the position could be classified as "light" work, Plaintiff contends that he did not perform the job long enough for it to qualify as past relevant work.

In response to Plaintiff's opening brief, the Commissioner concedes that the ALJ erred in finding that Plaintiff could perform his previous salesperson job as he actually performed it. However, the Commissioner asserts that there was substantial evidence in the record derived from the VE's testimony to support the ALJ's decision that Plaintiff had the RFC to perform the salesperson job as that job is generally performed in the national economy.

At the fourth step of the agency's sequential evaluation process for reviewing disability applications, the ALJ must determine whether the claimant has the capacity to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e)("If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity [RFC] and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.").

In the step four decisionmaking process, consideration is given to the claimant's "work experience . . . done within the last 15 years, [which] lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity [SGA]." 20 C.F.R. § 404.1565(a). Although the claimant is the "primary source" for vocational information

concerning the skill level and demands of the claimant's past work, "in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., [will be considered] on the requirements of the work as generally performed in the economy." SSR 82-62, 1982 WL 31386, * 3. Additionally, in making the determination as to whether a claimant can perform his or her past relevant work, the agency "may use the services of vocational experts . . . or other resources, such as the 'Dictionary of Occupational Titles,' . . . to obtain evidence" concerning a claimant's past relevant work 20 C.F.R. § 404.1560(b)(2).

The regulations dictate that a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a [VE] may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, EITHER AS THE CLAIMANT ACTUALLY PERFORMED IT OR AS GENERALLY PERFORMED IN THE NATIONAL ECONOMY." 20 C.F.R. § 404.1560(b)(2)(emphasis added).

As a matter of policy, the agency has declared that "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional

demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61, 1982 WL 31387, * 2. In connection with the classification of past relevant work as it is "ordinarily required by employers," the agency has explained that

> (The *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon - - for jobs that are listed in the DOT - - to define the job as it is *usually* performed in the national economy.) It is understood that some individual jobs may require somewhat more or less exertion than the DOT description.
> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

Id.

Giving the necessary deference to the agency's administrative rulings, the Tenth Circuit Court of Appeals has upheld the validity of SSR 82-61 and concluded that a claimant "bears the burden of proving his inability to return to his particular former job *and* to his former occupation as that occupation is generally performed throughout the national economy." Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993). See Barker v. Astrue, 459 Fed.Appx. 732, 741 (10th Cir. 2012)(unpublished op.)(noting that the court had "previously considered and upheld the validity of SSR 82-61" in Andrade and found no legal error in ALJ's finding that claimant was able to perform her

past relevant work as the job was generally performed where plaintiff did not "challenge the vocational expert's qualifications [or] assert that the ALJ improperly interpreted the expert's testimony on this point").

Plaintiff's statements in the record concerning his previous position as an "Inventory Control Associate" at a Wal-Mart were somewhat confusing. He first identified the job as that of a "sales associate." (TR 148). He then described the job as requiring that he "stock groceries," change prices, conduct audits, "move open cases to shelves for sale," and "[p]ull pallets to organize back room and to sales floor to be worked." (TR 164). He stated that the job involved lifting objects weighing up to 100 pounds and frequently weighing 25 pounds. (TR 164).

At the hearing, in response to the ALJ's query for him to clarify the demands of his position at Wal-Mart, Plaintiff responded that during the three-year period he worked at Wal-Mart he actually performed positions with "several job titles" and "different" duties. (TR 47). He testified that he worked in the "Lawn and Garden" department for "a few months" where he "stock[ed] shelves and help[ed] loading up top soil, plants, and so forth." (TR 47-48). When he "couldn't handle that" job he transferred to a job in the "grocery" department where he "stocked the freezers." (TR 47-48). When a "Department Manager" position became available, he took this position in which he performed such activities as "inventory, price changes, label changes, modular set ups where you rearranged the shelf, statistics, . . . sales, writing and typing up reports." (TR 48).

Based on Plaintiff's testimony and statements in the record, the VE testified that

8

Plaintiff had performed three distinct jobs at Wal-Mart, including department manager, classified as "medium, skilled," stock clerk, classified as "heavy, semiskilled," and salesperson of "horticulture and nursery products," classified as "light, semiskilled." (TR 48). The ALJ may rely on a VE's testimony concerning the physical and mental demands of a claimant's past relevant work. See Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003)(finding ALJ did not err in relying on information concerning past work demands provided by VE at step four).

In this case, Plaintiff does not contend that the VE provided information that conflicted with the information set forth in the DOT. Rather, Plaintiff contends that the VE had no basis for classifying Plaintiff's job at Wal-Mart in the lawn and garden department as being a "light" salesperson position.

Plaintiff cites Valencia v. Heckler, 751 F.2d 1082 (9th Cir. 1985), in support of his argument. However, in that case the Ninth Circuit Court of Appeals reversed a decision in which the Appeals Council concluded that the claimant, who had worked as an agricultural laborer for two years, had performed some of her activities in this past job at the "light" exertional level and was not disabled because she could still perform "light" work. Id. at 1086. The Ninth Circuit found that this was error because "[t]o classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." Id.

But the VE in this case could testify that Plaintiff's lawn and garden department job as generally performed was classified as a light-exertional salesperson job, particularly in

9

light of Plaintiff's own description of the job in the record as that of a "sales associate" or "inventory control associate," and his testimony that he performed at least three distinct jobs when he worked for Wal-Mart. Plaintiff contends that his testimony was that he "stocked shelves and helped loaded [sic] top soil and plants" and that this description is more accurately classified as "medium" work rather than "light" work. Plaintiff's Reply Brief, at 1. But Plaintiff testified that in this position he "stock[ed] shelves and help[ed with] loading up top soil, plants, and so forth." (TR 48). The retail salesperson job identified by the VE is described in the DOT as including stocking activities. DOT § 290.477-014. Light work is defined as work involving lifting objects weighing up to 20 pounds at a time, frequently lifting or carrying objects weighing up to 10 pounds, and mostly walking or standing, or sitting with pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). Plaintiff's testimony at the hearing described a job that could reasonably be classified as light work under the regulatory definition, and the ALJ did not err in relying on the VE's testimony in this respect.

Plaintiff created confusion when he described in the record what appears to have been a description of the "grocery" stocker position. As Plaintiff points out, he did indeed state that he lifted objects weighing up to 100 pounds, but he also described this position as "stock[ing] groceries," and in his hearing testimony he clarified that the grocery stocker position was actually one of three positions he performed during his three-year tenure at a Wal-Mart retail store. Plaintiff does not question the VE's expertise or contend that the ALJ incorrectly interpreted the VE's testimony. Here, there was substantial evidence in the

record, including the VE's testimony, Plaintiff's own statements in the record and at the hearing, and the VE's reliance on the DOT's description of a retail salesperson's job, to support the ALJ's step four finding of nondisability.

Plaintiff next argues that the ALJ improperly relied on this job in the step four determination because he did not perform this job long enough for it to be considered past relevant work. A claimant's previous job is considered relevant work experience if it "lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity [SGA]." 20 C.F.R. § 404.1565(a).

The DOT defines the vocational preparation needed to perform a job by classifying jobs into specific vocational preparation, or SVP, levels. The agency defines semiskilled work as work that requires "some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). In relation to the skill level definitions set forth in 20 C.F.R. § 404.1568, the agency has determined that semiskilled work "corresponds to an SVP of 3-4"." SSR 00-4p, 2000 WL 1898704, * 3.

The VE testified that Plaintiff's salesperson job was classified in the DOT as semiskilled work with an "SVP [of] four." (TR 48). Plaintiff does not question this testimony. The salesperson job identified by the VE has an SVP of 4. DOT § 272.357-022. An SVP of four means that the job was more demanding than unskilled work and would take over three months up to and including 6 months. See DOT, Vol. II, App. C at 1009.

Plaintiff testified that he worked in the lawn and garden, or horticulture, department at a Wal-Mart store for "a few months" without further clarification of the length of time he

11

worked in this position. (TR 48). Under these circumstances, the VE could reasonably and accurately describe this work as semiskilled past relevant work. The VE's testimony provided substantial evidence to support the ALJ's step four nondisability determination, and the Commissioner's decision should therefore be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      September 3rd      , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  13th  day of  August , 2013.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE