# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY LYNN CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0880-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social, ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Tony Lynn Conley filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

Plaintiff filed his application for disability benefits in January 2010. When it was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing, the ALJ found that plaintiff was capable of performing his past relevant work "as a salesperson (nursery products)." Doc. #13-2, p. 24. The Appeals Council denied plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner.

Plaintiff raises one issue in his appeal from the Report and Recommendation.[1] He

---

[1]*In his objections to the Report and Recommendation, plaintiff states that he incorporates by reference from his opening brief the relevant facts and also "the arguments previously*

claims the magistrate judge "failed to make a reasoned ruling on the question of whether the [plaintiff's] past work as a sales associate (nursery products) lasted long enough to meet the duration requirements to qualify as past relevant work." Doc. #21, p. 2.

The magistrate judge noted that "[a] claimant's previous job is considered relevant work experience if it 'lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity [SGA].'" Report and Recommendation, Doc. #20, p. 11 (quoting 20 C.F.R. § 404.1565(a)). In ascertaining the amount of time required for an individual to learn plaintiff's semi-skilled salesperson job, the magistrate considered the agency's determination that semi-skilled work has a specific vocation preparation ("SVP") level of three to four months[2] and the unchallenged testimony of the vocational expert ("VE) that plaintiff's prior salesperson job was classified in the Dictionary of Occupational Titles as being semi-skilled work with an SVP of four. That, he concluded, citing DOT, Vol. II, App. C at 1009, meant "that the job was more demanding than unskilled work and would take over three months up to and including 6 months" to learn. He then reviewed plaintiff's testimony regarding the length of time he held the sales job, determining that, while plaintiff testified he had "worked in the lawn and garden, or horticulture, department at a Wal-Mart

---

*presented." Doc. #21, pp. 1,3. For multiple reasons, such incorporation is not permitted without leave of court. A party should include in, or attach to, a brief all that he or she wishes the court to consider. Any arguments not specifically raised and addressed in plaintiff's objections are deemed waived.*

*[2]The Dictionary of Occupational Titles lists the specific vocational preparation ("SVP") time, or amount of time needed for an individual to acquire the skills required for a particular job.*

store for 'a few months,'" *id.* at p. 1, he did not further clarify the length of time he worked in that position. The magistrate judge concluded that, "[u]nder these circumstances, the VE could reasonably and accurately describe this work as semiskilled past relevant work." Id. at p. 12.

Having conducted the required *de novo* review, the court agrees with the magistrate judge and concludes that the record contains substantial evidence to support a finding that plaintiff worked long enough as a sales associate for the job to qualify as past relevant work. *See* Ehmika v. Astrue,, 2012 WL 1085258, at *2 (N.D. Okla. Mar. 28, 2012) (earnings record and reported pay, which reflected that claimant performed job for over 12 weeks, was sufficient to demonstrate that she worked long enough at prior job, listed by the DOT as having an SVP of 4, for it to qualify as past relevant work); *see generally* Hardman v. Barnhart, 362 F.3d 676, 678 (10th Cir. 2004) ("Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion.") (internal quotations omitted).

Accordingly, the court adopts Magistrate Judge Purcell's Report and Recommendation. The Commissioner's decision is **AFFIRMED**

**IT IS SO ORDERED**.

Dated this 20th day of September, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE